UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61886-CIV-COHN/SELTZER

SHAMROCK NAVIGATION CORPORATION,

    Plaintiff,

v.

INDÚSTRIA NAVAL DO CEARÁ S/A,

    Defendant.
_____/

### ORDER DENYING MOTION TO VACATE FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Indústria Naval Do Ceará S/A's Motion to Vacate Final Default Judgment [DE 14] ("Motion"). The Court has considered the Motion, Plaintiff Shamrock Navigation Corporation's Response [DE 15], the record in this case, and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

On October 7, 2010 Plaintiff filed this action for breach of warranty related to a Yacht Construction Contract. See Complaint [DE 1]. According to the record, the Complaint and Summons were served on two separate directors and agents of Defendant's business October 29, 2010 and October 30, 2010. See Returns of Service [DE's 5, 6]. Thereafter, when Defendant failed to respond within the required time, Plaintiff filed a Motion for Entry of Clerk's Default [DE 7], and the Clerk entered the default on December 8, 2010 [DE 8]. Nearly two months later, on February 4, 2011,

---

[1] Defendant filed a Notice of Not Filing a Reply to Plaintiff's Response in Opposition to Defendant's Motion to Vacate Final Default Judgment [DE 15] ("Notice of Not Filing a Reply"). Therefore, the Court decides this matter based only on the Motion, Response, and related filings.

when Defendant still had not responded to the Complaint, Plaintiff filed its Verified Motion for Entry of Final Judgment After Default [DE 10].  Once again, Defendant did not respond to the motion.  Thus, on March 10, 2011, after considering the motion and reviewing all applicable filings, the Court entered a Final Default Judgment [DE 11] in favor of Plaintiff and against Defendant.  Finally, a Writ of Execution [DE 12] was issued on October 27, 2011 and served on Defendant the next day [DE 13].  Now, nearly a year and a half after this case was filed and almost a year after the Final Default Judgment was entered, Defendant moves to vacate the Final Default Judgment pursuant to Federal Rule of Civil Procedure 60 based on insufficient service of process.

## II. LEGAL STANDARD

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding when, among other reasons, "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  Defendant argues that the Court must vacate the final judgment pursuant to Rule 60(b)(4) because the judgment is void for insufficient service of process.  Mot. at 2.  "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003).

As Defendant notes, Federal Rule of Civil Procedure 4(h) provides that a foreign corporation within a judicial district of the United States must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or . . . (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also

mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) states that an individual within a judicial district of the United States may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Florida law provides the following rules for serving a foreign corporation:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
>> (a) On the president or vice president, or other head of the corporation;
>>
>> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>>
>> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>>
>> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
>
> . . . .
>
> (5) When a corporation engages in substantial and not isolated activities within this state, or has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent while on corporate business within this state may personally be made, pursuant to this section, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.

Fla. Stat. § 48.081.

### III. ANALYSIS

Defendant contends that service in this case did not comply with Rule 4(h) or § 48.081. "[T]he burden of proof when a defaulting party attacks a default judgment on insufficiency of process grounds lies with the party raising the challenge." Ostane v. Jim Wright Marine Const., Inc. 2010 WL 3385048, at *2 (S.D. Fla. Aug. 24, 2010). Once a defendant brings the sufficiency of service into question, the plaintiff then bears the burden to prove sufficient service. Cornwall v. Miami-Dade Cnty. Corrs. & Rehab. Dep't, No. 10-23561-Civ 2011, WL 3878352, at *2 (S.D. Fla. Aug. 31, 2011) (citing Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999). As described below, the Court will deny Defendant's Motion because Plaintiff has proven sufficient service, and even if service was somehow defective, there was no violation warranting Rule 60(b)(4) relief.

### A. Sufficiency of Service

The process server affirmed that he served "Antonio Gil Berezza as Director for [Defendant] an Agent in this State transacting business for it in this State" on October 29, 2010 and "Flavia Barros as General Director for [Defendant and] an Agent in this State transacting business for it in this State" on October 30, 2010. See Returns of Service. The Returns of Service indicate that service was pursuant to § 48.081(2).

Although Defendant failed to contest service during the pendency of this lawsuit and for nearly one year after the lawsuit was closed, Defendant now argues that service was improper because Mr. Berezza and Ms. Barros are neither directors of Defendant's company nor persons authorized by appointment or law to receive service for

4

Defendant's company.  Mot. at 3; see also Declaration of Elisa Maria Gradvohl Bezerra [DE 14-1 at 3-4] ("Elisa Bezerra Declaration").  Defendant explains that Mr. Berezza and Ms. Barros are the son and daughter of Defendant's principal, and that neither is the president, vice president, cashier, treasurer, secretary, general manager, officer, or business agent of Defendant.  Mot. at 3; Elisa Bezerra Decl. ¶¶ 3-4.  According to Defendant, "neither is employed by [Defendant] nor has any authority whatsoever to conduct business on its behalf."  Mot. at 3; Elisa Bezerra Decl. ¶¶ 3-4.

However, as Plaintiff notes, these two individuals were served while they were representing Defendant at the Fort Lauderdale International Boat Show.  Resp. at 2.  Defendant submits an October 2007 posting from Defendant's official website identifying Ms. Barros as its "General Director," and describing Mr. Bezerra as "the Presiden[t]."  See Website Exhibit [DE 15-1] (retrieved February 16, 2012).  The website posting further states that both individuals were "at the Boat show representing Inace shipyard," id., and goes on to say that Defendant "left its mark at the Fort Lauderdale Boat Show with the showing of its latest Motor Yacht . . . . The shipyards in the water display had great attendance and non stop showings to clients, brokers and marine magazine professionals," id.  Ms. Barros is also the named contact for Defendant in the notice section of the construction contract at issue in this case.  See Yacht Construction Contract [DE 15-2].  Additionally, Plaintiff submits the Affidavit of Erin Ackor, Esquire [DE 15-3], in which Ms. Ackor attests that she visited Defendant's display at the Fort Lauderdale boat show in November 2009, met Mr. Berezza and Ms. Barros, and received a business card identifying Mr. Bezerra as a "project director" for Defendant.  Ackor Affidavit ¶¶ 5-7, Business Card Exhibit [DE 15-3 at 6] (identifying

5

Antonio GIL Bezerra Filho as "project director").[2]  Accordingly, despite Defendant's challenge, the evidence shows that, at the very least, Mr. Berezza and Ms. Barros were agents transacting business in Florida for Defendant.  Therefore, service on these individuals was proper under § 48.081(2), and the judgment is not void under Rule 60(b)(4).

### B. Rule 60(b)(4) Relief

Regardless, a court can only grant relief under Rule 60(b)(4) "in the rare instance where a judgment is premised either on a certain type of jurisdictional error[, specifically, personal jurisdiction,] or on a violation of due process that deprives a party of notice or the opportunity to be heard."  United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1376-77 (U.S. 2010); see also In re Worldwide Web Sys., Inc., 328 F.3d at 1299 ("insufficient service of process under Rule 60(b)(4) implicates personal jurisdiction and due process concerns"); Pardazi v. Cullman Med. Center, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  Neither situation is present here because Defendant waived any objection to personal jurisdiction and Defendant had both notice of the lawsuit and a full and fair opportunity to be heard.

First, "[o]bjections to service of process, . . . like any other objection to jurisdiction over the person, can be waived by the party over whom jurisdiction is sought."  Pardazi, 896 F.2d at 1317; see also In re Worldwide Web Sys., Inc., 328 F.3d

---

[2]  Although Defendant had an opportunity to refute Plaintiff's evidence in a Reply, Defendant chose not to do so.  See Notice of Not Filing a Reply.

at 1299 ("objections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable."). As the Supreme Court stated in Espinosa, "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." Espinosa, 130 S. Ct. at 1380. In this case, Defendant waived its objection to personal jurisdiction, as evidenced by a series of emails in late 2010. In a November 18, 2010 email, Attorney Jefferson Knight contacted Plaintiff's counsel to communicate, "we learned of the existence of this lawsuit just a few minutes ago," and "We are in the process of assisting INACE [the Defendant] to obtain representation." See November 18, 2010 Email [DE 15-4]. Attorney Knight further noted, "We have not seen the complaint or summons but understand 20 days is either up soon or will be." Id. On November 23, 2010, Plaintiff's counsel provided Attorney Knight with additional copies of the Complaint and Summons. See November 23, 2010 Email [DE 15-5]. Ultimately, Attorney Knight notified Plaintiff's counsel that Defendant chose not to retain his law firm to defend this action and that he was unaware if any other firm was retained. See December 3, 2010 Email [DE 15-6]. Thus, Defendant knew that Plaintiff had filed this lawsuit and knew the deadlines for asserting defenses such as lack of personal jurisdiction or improper service. Further, Plaintiff served Defendant with the Writ of Execution on October 28, 2011, so if Defendant was not already aware of the Final Judgment in this case, Defendant certainly became aware of it at that time. Nonetheless, Defendant failed to assert any objection until it filed this Motion in February 2012. Like Espinosa, where the litigant knew of the proceeding, knew of the final judgment, but still waited for the time for appeal to pass before filing a Rule 60 motion, Defendant waived any objection to the sufficiency of service against it because it knew of this lawsuit and still failed to object.

7

As such, there is no jurisdictional defect that merits Rule 60(b)(4) relief.

Second, "[d]ue process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Espinosa, 130 S. Ct. at 1378 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "Rule 60(b)(4), strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." Espinosa, 130 S. Ct. at 1380. "[W]here a party is notified and fails to object before the time for appeals expires, that party has been afforded a full and fair opportunity to litigate." Holston Invs. Inc. B.V.I. v. LanLogistics, Corp., 766 F. Supp. 2d 1327, 1330 (S.D. Fla. 2011) (citing Espinosa, 130 S. Ct. at 1380). Here, neither party disputes that Mr. Berezza and Ms. Barros, Defendant's principal's children, each received copies of the Complaint and Summons while manning Defendant's booth at the Fort Lauderdale International Boat Show. See Returns of Service. Even if those individuals were not agents or employees of Defendant's business, Attorney Knight contacted Plaintiff's counsel on November 18, 2010 to note that he knew of this action and was working with Defendant on securing representation for this matter. See November 18, 2010 Email. Additionally, there is no dispute that Plaintiff's attorney forwarded additional copies of the Complaint and summons to Attorney Knight on November 23, 2010. See November 23, 2010 Email. Finally, when Attorney Knight requested a two-week extension to respond to the Complaint, Plaintiff provided the additional time before seeking a clerk's entry of default. See November 18, 2010 Email; Resp. at 3. Together, these facts show that Defendant's due process rights were satisfied because

Defendant received actual notice of the lawsuit, and it had a full fair opportunity to respond. Therefore, even if Mr. Berezza and Ms. Barros were not technically supposed to receive service on behalf of Defendant, there has been no due process violation sufficient to justify Rule 60(b)(4) relief.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Indústria Naval Do Ceará S/A's Motion to Vacate Final Default Judgment [DE 14] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of March, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

9